HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD ROY GIBBONS, | No. 12-cv-5793-RBL |
| Plaintiff, | ORDER |
| v. | (Dkt. #1) |
| ROBERT MCKENNA, et al., | |
| Defendants. | |

Plaintiff has renewed his application to proceed *in forma pauperis* in a suit alleging medical malpractice. The application states that Plaintiff is homeless and earns between $50 and $300 per month. The Complaint states that certain medical providers acted negligently in treating Plaintiff's spina bifida. Specifically, Plaintiff alleges that in 2004 Lynn Chapman, a DSHS representative, referred Plaintiff to Community Healthcare for the Homeless rather than The Hill Burton Foundation. (Proposed Compl. at 23, Dkt. #4.) The Complaint goes on to make difficult to follow allegations referring to Plaintiff's medical records and a conspiracy to cause financial hardship. The allegations are restricted to generalized facts: for example, "[Defendants] failed to properly diagnose and treat the Plaintiff." (Proposed Compl. at 19, Dkt. #4.)

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th

Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

The Court cannot grant *in forma pauperis*.  Plaintiff states only that Defendants failed to meet their standard of care; he does not explain when or how.  While the Court provides significant leeway to *pro se* parties, the Complaint fails to put the proposed Defendants on notice of the factual basis for the suit.  No Defendant could possibly draft an answer to such a Complaint.   The Court must therefore conclude that the claims as drafted are frivolous.  If Plaintiff wishes to proceed, he must pay the filing fee.

Dated this 2nd day of November 2012.

Ronald B. Leighton
United States District Judge